Samuel FIRESTONE; Calvin Miyashiro; Jack Putnam; Brian Frazen, individually and on behalf of all other present and former employees similarly situated, Plaintiffs–Appellants,

v.

SOUTHERN CALIFORNIA GAS COMPANY, Defendant–Appellee.

No. 98–56468.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1999

Opinion Filed July 19, 2000.

Opinion on Denial of Rehearing Filed Feb. 12, 2002.

Robert A. Cantore, Gilbert & Sackman, Los Angeles, California, for the plaintiffs-appellants.

David B. Reeves, Los Angeles, California, for the defendant-appellee.

William A. Reich, Division of Labor Standards Enforcement, Ventura, California, for the amicus curiae.

Before: SCHROEDER, Chief Judge, BEEZER, and GRABER, Circuit Judges.

SCHROEDER, Chief Judge.

The plaintiffs have filed a Petition for Rehearing and Suggestion for Rehearing En Banc contending that our court's intervening en banc decision in *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683 (9th Cir.2001) (en banc), *cert. denied,* ——— U.S. ———, 122 S.Ct. 806, 151 L.Ed.2d 692 (2002), requires us to hold that the plaintiffs have stated a state law claim for overtime pay. In *Cramer* we clarified our decisions with respect to preemption, an area that has become increasingly confusing in recent years. In *Cramer,* we overruled our cases that had held state law claims preempted where the state right in question was not the subject of any actual collective bargaining agreement provision, but was " 'a properly negotiable subject for purposes of collective bargaining.' " *Id.* at 692–93 (quoting *Util. Workers of Am. v. S. Cal. Edison Co.*, 852 F.2d 1083, 1086 (9th Cir.1988)). We held that those cases applied preemption too broadly.

■ In *Cramer,* however, we reaffirmed the principle that a state law claim is preempted if it necessarily requires the court to interpret an existing provision of a collective bargaining agreement ("CBA") that "can reasonably be said to be relevant to the resolution of the dispute." *Cramer,* 255 F.3d at 693. A claim that requires only reference to the collective bargaining agreement, but no interpretation, is not preempted. *Id.* at 690 (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–13, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)).

■ In our original opinion in this case, we held that resolution of plaintiffs' state law overtime claim would require interpretation of the agreement, because plaintiffs are not entitled to any overtime under state law if they are paid a "premium" for overtime work above the "regular rate" of pay in the contract. *Firestone v. S. Cal.*

*Gas Co.*, 219 F.3d 1063, 1066 (9th Cir. 2000). The parties in this case disagree about which rate in the contract is the "regular" rate and, thus, disagree on whether plaintiffs are receiving a "premium" for overtime work. Resolving this question, we held, requires interpretation of the agreement. The agreement would be enforced differently depending on which party's interpretation is accepted.

We conclude that *Cramer* does not change this result. Resolution of plaintiffs' claim to overtime pay under state law cannot be decided by mere reference to unambiguous terms of the agreement. We are in agreement with a recent decision of the First Circuit, where the court noted:

> In many cases, however, the state law claims are "inextricably intertwined" with the meaning of terms in the CBA and are thus preempted by federal labor law. *Allis–Chalmers [Corp v. Lueck,* 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)]. In such instances, state law "must yield to the developing federal common law, lest common terms in bargaining agreements be given different and potentially inconsistent interpretations in different jurisdictions." *Livadas [v. Bradshaw,* 512 U.S. 107, 122, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994)].

*Adames v. Executive Airlines, Inc.*, 258 F.3d 7, 12 (1st Cir.2001).

The panel as constituted above has voted to deny the petition for rehearing. Chief Judge Schroeder and Judge Graber have voted to deny the petition for rehearing en banc and Judge Beezer has so recommended.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R.App. P. 35(b).

The petition for rehearing and the petition for rehearing en banc are therefore DENIED.